UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| BRIAN O'NEIL ROBINSON, | ) C/A No.: 4:15-cv-3703-HMH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| WARDEN, RIDGELAND | ) |
| CORRECTIONAL INSTITUTION, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Brian O'Neil Robinson (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 14, 2015. (Doc. #1). Respondent filed a motion for summary judgment on December 21, 2015, along with a return and memorandum. (Docs. #19 and #20). The undersigned issued an order filed December 22, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #21). Petitioner filed a response on January 28, 2016, and an amended response on February 1, 2016.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Ridgeland Correctional Institution pursuant to an order of commitment from the Clerk of Court of Spartanburg County. Petitioner was indicted at the October 2011 term of the Spartanburg County Grand Jury for felony DUI resulting in death and reckless homicide. Petitioner was represented by Robert Hall, Esquire.

Following jury selection on January 30, 2012, Petitioner pleaded guilty to felony DUI in death[2] before the Honorable Roger L. Couch . Judge Couch sentenced Petitioner to fifteen years imprisonment. Petitioner did not appeal his conviction and sentence.

## PCR

On August 23, 2012, Petitioner filed an application for post-conviction relief ("PCR") raising the following issues:

---

[2] See S.C. Code Ann. § 56-5-2945(A)(2). Also, cf. State v. Dantonio, 376 S.C. 594, 605, 658 S.E.2d 337, 343 (Ct. App. 2008) ("A defendant's act may be regarded as the proximate cause if it is a contributing cause of the death of the deceased."); ("[t]he defendants' act need not be the sole cause of the death provided it is a proximate cause actually contributing to the death of the deceased.") Id.

    1.    Ineffective assistance of counsel:

        a.    Counsel failed to give Applicant Rule (5) Discovery; and
        b.    Counsel failed to investigate the fact that the alleged victim was struck by another vehicle.

(App. Pp. 106-112).

The State made its return to the application on August 19, 2013. J. Brandt Rucker, Esquire, represented Petitioner in the action. Assistant Deputy Attorney General Suzanne H. White represented the State. An evidentiary hearing was held on October 3, 2013, before the Honorable J. Derham Cole, Circuit Court Judge. Petitioner testified on his own behalf. The State presented testimony from plea counsel, Mr. Hall. By order filed February 20, 2013, Judge Cole denied and dismissed the PCR application with prejudice.

## PCR APPEAL

Petitioner appealed the PCR court's order of dismissal by filing a petition for writ of certiorari in the Supreme Court of South Carolina. Petitioner was represented by Wanda H. Carter of the South Carolina Office of Appellate Defense. Petitioner presented the following issue:

> Trial counsel erred in failing to investigate into the defense that petitioner's actions did not proximately cause the death of the motorcyclist in the case because there was a second collision from another motorist at the scene who created an intervening action, which in turn meant that petitioner was not guilty of felony DUI.

(Petitioner for Writ of Certiorari).

The State made its return to the petition. The South Carolina Supreme Court denied the petition on April 9, 2015, and issued the remittitur to the Spartanburg County Clerk of Court on April 27, 2015.

Petitioner filed a second PCR application (2015-CP-42-2534) on May 26, 2015, in which he asserted the following allegations:

1. Ineffective assistance of counsel:

    a.    Attorney failed to file direct appeal;
    b.    Attorney did not pursue investigation witnesses;
    c.    Attorney did not pursue attaining rules;
    d.    Attorney did not pursue evidence of consent form;
    e.    Attorney did not pursue the compliance of plea agreement;
    f.    Attorney did not investigate that victim was struck by another vehicle;
    g.    Attorney did not pursue to subpoena witnesses;
    h.    Attorney failed to object to the illegal statement of trial judge, "I'm talking now, sir," meaning be quiet. When I tried to inform the courts that I wanted to back out of the plea because my attorney promised me ten (10) years but I was sentenced to 15 years after being coerced to abort my original defense which was to go to trial;
    i.    Trial lawyer lied to me about the 10 year plea.

Respondent filed a Return and Motion to Dismiss on October 14, 2015, arguing that the 2015 PCR application should be summarily dismissed as successive to his prior PCR application. At the time of the filing of the return and memorandum, Respondent asserted that an order had not been issued in his then current PCR action.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:        Ineffective Assistance of Counsel.

Supporting facts:  1) Trial counsel erred in failing to investigate into the fact that the defense, that petitioner's action did not proximately cause the death of the motorcyclist in the case.
2) Counsel failed to give applicant Rule (5) discovery.
3) Counsel failed to interview, and subpoena the witnesses involved in the accident.
4) Counsel failed to have charges dismissed on lack of evidence.

GROUND TWO:        Ineffective Assistance of Counsel

Supporting facts:  1) Counsel failed to advise defendant of plea and its content Appropriately.
2) Counsel failed to perfect defendant Appellant rights

(Habeas Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an

5

issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the

7

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

## **ANALYSIS**

### **Subparts (2), (3) and (4) of Ground One and Ground Two**

Respondent argues that subparts (2),(3),and (4) of Ground One and Ground Two are procedurally defaulted due to the issues not being raised in the PCR appeal by way of the petition for writ of certiorari.

The issues raised in Petitioner's Grounds One (2), (3), (4), and Ground Two were raised at PCR and ruled upon by the PCR judge. However, the issues were not raised in the petition for writ of certiorari in which only the following issue was

raised:

> Trial counsel erred in failing to investigate into the defense that petitioner's actions did not proximately cause the death of the motorcyclist in the case because there was a second collision from another motorist at the scene who created an intervening action, which in turn meant that petitioner was not guilty of felony DUI.

Therefore, it is recommended that subparts (2), (3), and (4) of Ground One and Ground Two be dismissed as they are procedurally barred from federal habeas review. Petitioner has not shown cause to overcome the default.[3]

**Subpart (1) of Ground One**

In subpart (1) of Ground One, Petitioner asserts trial counsel erred by "failing to investigate into the fact that the defense, that petitioner's action did not proximately cause the death of the motorcyclist in the case." (Petition). This issue was raised in the PCR application, ruled upon by the PCR court, and raised in the PCR appeal. Respondent asserts the PCR court addressed this issue and found it to be without merit. Respondent argues this determination is entitled to deference based on the

---

[3] The Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), exception does not extend to PCR appellate counsel. See e.g., Crowe v. Cartledge, No. 9:13–CV–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, No. 1:11–CV–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar.25, 2013) ( "Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").

credibility finding and that the factual ruling is supported by the record. [4]

---

[4] In court while identifying State's Exhibit 5, the solicitor stated that the female driving the mini-van was able to avoid the victim in the road because she could see as she was higher up than the person driving the Honda. The solicitor specifically stated "She could see it. So, she veered off. The second car behind it was driven by a Honda. The person couldn't avoid that, ran into Mr. Weaver." (Tr. 80). For background purposes, the solicitor stated the following facts to the court at the time of the plea:

> Brian Robinson was driving a 1993 pickup GMC truck. Your Honor. He had two passengers with him. Larry Weaver, he was driving northward, your Honor. He had been to a party from the interviews that was done at Inman with these two individuals, and at party, Your Honor, and talking to Trooper Mace and also talking to the M.A.I.T. officers at the, the jail, he basically had taken two, two and a half shots of beer, a bong type game. He also had took some sips of Bud Lite, and he also took a hit of marijuana at the party, Your Honor, and afterwards it came back this way, Your Honor.
>
> He had not eaten. I think he'd ate two cheeseburgers all day. He woke up at 1:00 that afternoon, and this is approximately a little bit before 11:00 pm when this happened.
>
> Larry Weaver was also traveling north, Your Honor, on his Honda motorcycle. He had actually went to make a right-hand turn. The light was still on when the M.A.I.T. team officers got there. His lights had worked fine. They made a mechanical check of that, and, like I say, his flasher to turn right to go into Bailey's was still on.
>
> The defendant was going 57 to 59 miles an hour when he made impact with Mr. Weaver's motorcycle as he slowed down to make that turn. The wheel jammed underneath. You could see the drag marks for 200 and some feet from there.
>
> Mr. Weaver was knocked off the motorcycle, hit in the right. The truck and the motorcycle actually went into the left lane and kept going up that way. He eventually hits his brakes after traveling 270 something feet, and then slows, and stops after 300 and some feet up the road.
>
> . . .
>
> And the vehicle was knocked over in the road. Of course, the one–the mini-van driver saw him and was able to avoid him, but the second driver of the Honda was not. He was hit and was killed at the scene.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine

---

Trooper Mace took a video at the scene, Your Honor. In talking to him he admitted he was the driver. He also admitted to him drinking alcohol and the marijuana in this case at the party.

(Tr. 84-86).

13

> whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added.)

<u>Id</u>.; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

At the PCR hearing, Petitioner testified that he believed an intervening act caused the death of the victim. Specifically, Petitioner testified that when he and his friends "tried to walk towards the body and assist the man, you know what I'm saying, to help him up. But that's when another car came around the van[ a mini-van had stopped at the scene] and continued to keep going. And that's when it struck the body." (Tr. 126). Petitioner testified that it was his understanding that the coroner and autopsy report could not determine which vehicle impact actually caused the death. (Tr. 131). Petitioner testified that it was his belief that the Victim would not have been killed but for the actions of the second vehicle hitting the Victim while he was laying

14

in the road. Id.

At the PCR hearing, trial counsel testified that there was "no question at all" that Petitioner was driving the car that originally hit the motorcycle. (Tr. 151). Counsel testified that the motorcycle was impelled into the front of the car, or the car was impelled into the motorcycle." Id. Counsel testified that he looked into the possibility of an intervening act but the victim's motorcycle was essentially impaled on the Applicant's truck and that the M.A.I.T report indicated that the victim's right blinker had been on. (Tr. 157, 151-152). ). Counsel testified that the M.A.I.T would have testified at trial. (Tr. 166). Further, Counsel testified that he did not recall if he spoke to the driver of the second car, but he had reviewed the statement she gave to the police. (Tr. 170).

In the order of dismissal, the PCR judge held as follows:

> This Court finds the testimony of Counsel to be more credible tha[n] the testimony of the Applicant. The Applicant's allegation that Counsel did not conduct an adequate pre-trial investigation or was unprepared for trial is without merit. Following testimony and review of the transcript, it is clear that Counsel had reviewed the facts and evidence, as well as the options that Applicant faced. . . . The Applicant failed to point to any specific matters Counsel failed to discover, or any defenses that could have been pursued had Counsel been more fully prepared. This Court finds that the issues raised regarding the consent form, possible intervening act, and blood alcohol content were all issues that could have been developed at trial; however, the Applicant has not demonstrated that pursuit of

15

> those issues would have led to a different outcome in this situation. Furthermore, the Applicant failed to show any prejudice that may have resulted form Counsel's alleged inadequate preparation. Accordingly, this allegation is dismissed.
>
> . . .
>
> Not only did the Applicant fail to establish that Counsel failed to prepare for trial. . . ,but the Applicant has failed to establish that he would have proceeded to trial, but for, these alleged deficiencies of Counsel.

(Tr. 181-182).

The PCR court found trial counsel's testimony credible that he investigated the possibility of there being an intervening act, including but not limited to, the condition of the motorcycle being impaled on the victim's truck, the MAIT report indicating the victim's right blinker had been on, and statement of the driver of the second car. Furthermore, the PCR court found Petitioner failed to show any prejudice that may have resulted from Counsel's alleged inadequate preparation. Petitioner did not present the testimony of any witnesses at the PCR hearing. Thus, the PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court found the testimony of Counsel to be more credible than the testimony of the Petitioner. (Tr. 181). The PCR court's factual determinations regarding credibility are entitled to deference in this action. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306

16

(4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided).

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true.[5] The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or

---

[5] At the time of the plea, Petitioner stated that he understood that the recommendation from the State was a sentence to be capped at 15 years, that the court was not bound by the recommendation but could accept the recommendation, give less time than the recommendation or give more time. Petitioner responded that he understood. (Tr. 74). Further, Petitioner stated that he understood his Constitutional rights that the court described, that by pleading guilty he was giving up all of his Constitutional rights except the right to have a lawyer, and that he was guilty.(Tr. 77).

misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[6] The PCR court held pursuant to Hill v. Lockart, 474 U.S. 52 (1985) that "[n]ot only did the Applicant fail to establish that Counsel failed to prepare for trial or that Applicant did not fully understand the charge he was pleading guilty to, but the Applicant has failed to establish that he would have proceeded to trial, but for, these alleged deficiencies of Counsel." (Tr. 182).

The PCR court's findings were not contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The findings were also not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1) & (2). Accordingly, it is recommended

---

[6] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

that Respondent's motion for summary judgment be granted as to subpart (1) of Ground One(1).

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #20) be granted and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III

May 5, 2016  
Florence, South Carolina

Thomas E. Rogers, III  
United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**